Loretta DIBRINO, Plaintiff–Appellant,

v.

**DEPT. OF VETERAN'S AFFAIRS, Anthony J. Principi, Secretary, Defendant–Appellee.**

Docket No. 04–0860.

United States Court of Appeals, Second Circuit.

Dec. 14, 2004.

Dawn Westbrook, Middletown, CT (Norman A. Pattis, New Haven, CT, of counsel), for Appellant.

William M. Brown, Jr., Assistant United States Attorney for the District of Connecticut (Kevin J. O'Connor, United States Attorney, William J. Nardini, Assistant United States Attorney, of counsel), for Appellees.

PRESENT: KEARSE, SACK, and HALL, Circuit Judges.

## SUMMARY ORDER

Plaintiff Loretta DiBrino appeals the January 9, 2004, judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *Judge*) granting defendant's motion for summary judgment as to DiBrino's claim that she had suffered adverse action in retaliation for an Equal Employment Opportunity ("EEO") complaint she filed in 1997. In an order dated January 5, 2004, the district court concluded that, aside from DiBrino's termination in May 2002, she had not suffered adverse employment action and that DiBrino had not established the required causal link between the termination of her employment and the filing of her EEO complaint five years earlier.

To survive a motion for summary judgment on her retaliation claim, DiBrino must present sufficient evidence to establish a *prima facie* case that (1) "plaintiff was engaged in protected activity"; (2) "the alleged retaliator knew that plaintiff was involved in protected activity"; (3) "an adverse decision or course of action was taken against plaintiff"; and (4) "a causal connection exists between the protected activity and the adverse action." *Weixel v. Board of Educ. of City of New York,* 287 F.3d 138, 148 (2d Cir.2002) (internal quotation marks omitted). DiBrino's appeal focuses on elements (3) and (4), specifically on her contention that her "shift change" and her ultimate termination were both adverse actions in retaliation for her protected activity.

We agree with the district court that DiBrino has not produced sufficient evidence such that a rational trier of fact could find that, aside from her eventual termination, she suffered an adverse action. An adverse action must be "a 'materially adverse change' in the terms and conditions of employment." *Sanders v. New York City Human Resources Admin.,* 361 F.3d 749, 755 (2d Cir.2004) (citing *Richardson v. New York State Dep't of*

*Corr. Serv.,* 180 F.3d 426, 446 (2d Cir. 1999)). "To be materially adverse, a change in working conditions must be 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Sanders,* 361 F.3d at 755 (quoting *Terry v. Ashcroft,* 336 F.3d 128, 138 (2d Cir.2003)).

A shift change, without anything else, has been held insufficient to establish an "adverse employment action." *See Hunt v. Rapides Healthcare System, LLC,* 277 F.3d 757, 769 (5th Cir.2001); *Grube v. Lau Industries, Inc.,* 257 F.3d 723, 728 (7th Cir.2001). Although a shift change may be construed as a materially adverse action under extraordinary circumstances, *see, e.g., Mondzelewski v. Pathmark Stores, Inc.,* 162 F.3d 778, 787–88 (3d Cir.1998), DiBrino does not provide any evidence of extraordinary circumstances to show that the shift change in her case was materially adverse. Therefore, DiBrino has failed to establish that the shift change constitutes an adverse employment action.

■ For a retaliation claim to succeed, a plaintiff must show that the employer's adverse action was a direct or indirect result of her protected actions. *See Reed v. A.W. Lawrence & Co., Inc.,* 95 F.3d 1170, 1178 (2d Cir.1996). Although we "ha[ve] not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship," *Gorman–Bakos v. Cornell Coop. Extension of Schenectady County,* 252 F.3d 545, 554 (2d Cir.2001), courts have generally required the two events to be "very close" in time. *See Clark County School Dist. v. Breeden,* 532 U.S. 268, 273–74, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001) (internal quotation marks omitted). In DiBrino's case, however, the adverse action and the protected activity were five years apart. As this Court has noted, "It makes logical sense that if an employer wishes to retaliate by firing an employee, he is likely to do so soon after the event." *Mandell v. County of Suffolk,* 316 F.3d 368, 384 (2d Cir.2003).

DiBrino argues that the time between her initial EEO complaint and her termination, while "significant," was "not so remote" as to suggest that the two events were unrelated. But DiBrino has failed to establish that "a causal connection exists between the protected activity and the adverse action." Since the only event rising to the level of "adverse action" is the termination, which occurred five years after DiBrino filed her EEO complaint, the relationship between the protected activity and the alleged subsequent retaliation is simply too attenuated to support DiBrino's retaliation claim.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.